

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 23, 2004

**BY HAND**

The Honorable Peter K. Leisure
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re:   **United States v. Matthew Adam Brand**
       **S1 04 Cr. 194 (PKL)**

Dear Judge Leisure:

The Government respectfully submits this letter in support of its request for an *in limine* ruling allowing the Government to introduce at trial certain evidence as direct evidence of the charged offenses, as well as during the Government's direct case pursuant to Rule 404(b) of the Federal Rules of Evidence.

## Background

The first superseding indictment ("Indictment") in this case contains two counts. Count One of the Indictment charges the defendant, Matthew Adam Brand, with traveling from his home in Jackson, New Jersey to Manhattan for the purpose of engaging in sexual acts with an individual he believed to be a 13-year old girl, in violation of 18 U.S.C. § 2423(b). Count Two of the Indictment charges Brand with using a computer, the internet and a telephone to persuade, induce, and entice the same individual he believed to be a 13-year old girl to engage in a criminal sexual activity, and attempting to do so, in violation of 18 U.S.C. § 2422(b).

The Government expects that, at trial, its direct evidence will establish that, from approximately January 23, 2004, through approximately February 12, 2004, the defendant, using his America On-Line ("AOL")[1] account and the screen name "Tempoteech," used a computer

---

[1]   AOL is a subscription-based internet service provider which enables a subscriber to access the internet to communicate with others via email and instant messages, as well as to

The Honorable Peter K. Leisure
December 23, 2004
Page 2

located in his home in New Jersey to engage in instant message ("i-chat") and email communication with an individual he believed to a 13-year old girl named "Julie" who used the screen name "Julie13NYC" and resided in New York. In reality, "Julie" was a special agent of the Federal Bureau of Investigation ("FBI") acting in an undercover capacity.

More specifically, the Government expects that the evidence at trial will show that, during their internet communication, "Julie" informed Brand that she was "only 13" and emailed Brand a photograph purportedly of herself that depicted a young teenage girl. In exchange, Brand emailed "Julie" a photograph of himself. During this internet communication, the communication between Brand, aged 37, and "Julie" included the following:

   a. Brand stated that he would give "Julie" free singing lessons and asked her if she would like to act or model;

   b. Brand stated that "Julie" could model for a calendar he was putting together and pose with "puppets and giant toys;"

   c. Brand asked "Julie" if she had a boyfriend, whether she wanted to date an older man, and offered to take her on a date. Brand also stated that he "would love to have ["Julie"] as a girlfriend," and asked her to be his valentine;

   d. "Julie" advised Brand that she could only talk to and see him at certain times because her mother was around, and that she was a virgin;

   e. Brand expressed that he would engage in certain sexual activity with "Julie," including, but not limited to, kissing, "touch and play," "fool around and explore," and "do it all." When "Julie" asked Brand where this would take place, he stated that they could go to his place in "jersey."

   f. Brand stated that he would show "Julie" "how to be a woman," and described sexual activity that he wanted to engage in with "Julie." Brand also stated that he loved "Julie;"

   g. Brand encouraged "Julie" to take the bus to meet him at his home in New Jersey, even though "Julie" stated her mother would not allow her to do so; Brand instead arranged to meet "Julie" at the Port Authority bus terminal in midtown Manhattan.

---

"surf" the internet. Typically, a subscriber will create a unique "screen name" for use on-line.

The Honorable Peter K. Leisure
December 23, 2004
Page 3

In addition to the internet communication described above, Brand also engaged in multiple consensually monitored and recorded telephone calls between himself and a confidential source (an adult) posing as the same 13-year old girl named "Julie" that the FBI agent had posed as when communicating with Brand over the internet. During these telephone calls, the communication between Brand and "Julie" included the following:

a. Brand arranged to meet "Julie" at the Port Authority bus terminal in Manhattan, and stated that he would travel from New Jersey to New York and take the minor girl back to New Jersey with him;

b. Brand discussed certain sexual acts that he and "Julie" would engage in after they met, and reassured "Julie" that she would not get pregnant because he intended to use a condom;

c. Brand stated that, on the date of their scheduled meeting at the Port Authority bus terminal, he would be waiting at a prearranged location for "Julie" with a sign bearing her name.

On February 12, 2004, FBI agents arrested Brand outside the Port Authority bus terminal at the pre-arranged location where Brand had arranged to meet "Julie." Among other items, FBI agents recovered from Brand's person a sign bearing the name "Julie," and recovered from Brand's car a package of unused condoms.

## Argument

The Government seeks an *in limine* ruling that (1) images of child erotica and child pornography possessed by the defendant on his computer are admissible as direct evidence of the crimes charged in the Indictment; (2) alternatively, the images are admissible pursuant to Rule 404(b) to prove motive, intent, plan, knowledge, and absence of mistake or accident; and (3) transcripts of AOL i-chat communication between Brand and two other undercover agents posing as 13-year old girls, are similarly admissible pursuant to Rule 404(b). More specifically, this evidence is as follows:

1. Images of child erotica (nude minor girls) and child pornography (nude minor girls and boys engaged in sex acts and in lewd and lascivious poses) saved to a folder corresponding to the defendant's AOL account on a computer seized from the defendant's residence.

2. A transcript of AOL i-chats exchanged, on or about August 5, 2003, between the defendant using the screen name "Tempoteech" and an FBI agent acting in an undercover capacity as a 13-year old girl and using the

The Honorable Peter K. Leisure
December 23, 2004
Page 4

        screen name "JennySFV13," during which communication the defendant asked, among other things, whether "JennySFV13" liked older guys, ever came to New Jersey, and liked to hold hands and kiss. A copy of the transcript is attached as Exhibit A.

3.    A transcript of AOL i-chats exchanged, on or about December 30, 2003, between the defendant using the screen name "Tempoteech" and a police officer acting in an undercover capacity as a 13-year old girl and using the screen name "Mizbonnie13," during which communication the defendant asked, among other things, whether "Mizbonnie13" dated older guys and ever came to New Jersey, and then stated, among other things, that "Mizbonnie13" should come to New Jersey, that he would pay her back if she took the bus, and that he could take care of her. A copy of the transcript is attached as Exhibit B.

The Government submits that the images are admissible as direct evidence of the charged offenses or, alternatively, under Rule 404(b) to show Brand's intent, plan knowledge, and absence of mistake and accident, and that the i-chats are also admissible under Rule 404(b) for the same proper purposes.

### A.    The Images Are Admissible As Direct Evidence Of The Crimes Charged

At trial, the Government must prove that Brand: (1) intended to engage in sexual acts with a 13-year old girl when he traveled from New Jersey to Manhattan to meet "Julie;" and (2) intended to persuade, induce and entice a 13-year old girl to engage in sexual activity when he was communicating with "Julie." Brand's intent to commit these crimes will most certainly be the primary dispute at trial since Brand is not likely to challenge – because he cannot – that he communicated via the internet and telephone with an individual purporting to be a 13-year old girl named "Julie," and that he traveled from his home in New Jersey to the Port Authority bus terminal in Manhattan to meet "Julie" on the date of his arrest. Thus, Brand's intent will be the only seriously disputed issue the Government must prove at trial.

The images of child erotica and child pornography Brand possessed on his computer are admissible because they are direct evidence bearing on the key contested issue of Brand's intent to commit the charged offenses. First, the images of child erotica and child pornography tend to demonstrate Brand's sexual interest in children, specifically young girls, and that he did not have some benign, asexual interest in "Julie." Significantly, the images of child erotica and child pornography were all recovered from Brand's computer after the images had been downloaded from the internet and/or emails and then saved to a folder corresponding to Brand's AOL account. Thus, these images are highly probative of Brand's state of mind because they provide a glimpse into what depictions of sexual activity he is interested in viewing,

collecting, and saving. They thus are probative of his sexual interest in young girls and that he intended to engage in sex acts with "Julie" and to induce "Julie" to engage in sexual activity with him.

Second, the images of child erotica and child pornography saved in the folder corresponding to Brand's AOL account are also relevant to confirming Brand's use of the internet and AOL to further his sexual interest in children. The fact that he used AOL and the internet to collect these images tends to prove his use of the internet to fulfill his sexual interest in children by communicating with young girls in an effort to engage in sexual activity with them. Indeed, it is this same AOL account which Brand used to communicate with "Julie" and it is from the same corresponding folder that the photograph of the young girl purporting to be "Julie" – sent to Brand by the undercover FBI agent – was recovered.

In sum, the images are admissible as direct evidence of Brand's intent with regard to the charged crimes: that he had a sexual interest in young girls and that he used the internet, specifically his AOL account, in connection with and in furtherance of this sexual interest in children, both to communicate with children in seeking to meet them for sex, as well as to obtain nude and sexual images of children.

### B. The Images, As Well As The I-Chats, Are Admissible Under Rule 404(b)

The images of child erotica and child pornography are, alternatively, admissible in the Government's direct case under Rule 404(b) to prove motive, intent, plan, knowledge, and absence of mistake or accident. The transcripts of the i-chat communication with "JennySFV13" and "Mizbonnie13" are also admissible under Rule 404(b) for the same proper purposes.

#### 1. Applicable Law

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts," while not admissible to prove bad character or propensity, may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b).

The Second Circuit has "adopted the inclusionary or positive approach to . . . Rule" 404(b). *United States v. Levy*, 731 F.2d 997, 1002 (2d Cir. 1984); *see United States v. DeVillio*, 983 F.2d 1185, 1194 (2d Cir. 1993) (noting "inclusion approach" in Second Circuit). Consistent with this approach, "evidence of other crimes, wrongs, or acts is admissible for any purpose other than to show a defendant's criminal propensity." *United States v. Brennan*, 798 F.2d 581, 589 (2d Cir. 1986) (quoting *United States v. Harris*, 733 F.2d 994, 1006 (2d Cir. 1984)); *see also United States v. Pipola*, 83 F.3d 556, 565 (2d Cir. 1996) (Second Circuit's "inclusionary interpretation of the rule allows evidence of other wrongs to be admitted so long as

The Honorable Peter K. Leisure
December 23, 2004
Page 6

it is relevant and is not offered to prove criminal propensity").

The Second Circuit has set forth three requirements for the admission of evidence of "other crimes" under Rule 404(b). First, the trial court must determine that the evidence is offered for a purpose other than to prove the defendant's bad character or criminal propensity. *United States v. Mickens*, 926 F.2d 1323, 1328 (2d Cir. 1989). Second, the trial court must make a determination that the evidence is relevant under Rules 401 and 402 of the Federal Rules of Evidence, and that it is more probative than unfairly prejudicial under Rule 403. *United States v. Thomas*, 54 F.3d 73, 81 (2d Cir. 1995); *Mickens*, 926 F.2d at 1328. Third, the court must provide an appropriate limiting instruction to the jury, if one is requested. *Thomas*, 54 F.3d at 81; *Mickens*, 926 F.2d at 1328-29.

Applying these principles, the Second Circuit has routinely approved of the admission of "other crimes" evidence with respect to the issue of intent. *See, e.g., Thomas*, 54 F.3d at 81-82; *United States v. Meyerson*, 18 F.3d 153, 166-67 (2d Cir. 1994); *United States v. Ross*, 321 F.2d 61, 67 (2d Cir. 1963) (Friendly, J.). Moreover, the Second Circuit has consistently recognized that evidence of the defendant's involvement in prior, similar crimes is not only probative of his intent, but where, potentially as here, the defendant claims his conduct has an innocent explanation, the admission of such evidence of prior acts is particularly appropriate. *See, e.g., United States v. Gordon*, 987 F.2d 902, 908-09 (2d Cir. 1993) ("Evidence that the defendant had a prior conviction for nearly identical counterfeiting activity was admissible to rebut his claim that he had not known that he received counterfeit money"); *United States v. Mills*, 895 F.2d 897, 907 (2d Cir.) (noting that evidence of other crimes is properly admissible "to show that a defendant who claims that his conduct had an innocent explanation had the intent to commit the offense"), *cert. denied*, 495 U.S. 951 (1990); *United States v. Caputo*, 808 F.2d 963, 968 (2d Cir. 1987) (allowing evidence of appellants' involvement with previous credit card schemes because it was probative of the defendants' intent in possessing the 'access devices' for which they were charged).

      2.     **The Proffered 404(b) Evidence Is Admissible To Show Brand's Intent, Plan, Knowledge, and Absence of Mistake and Accident**

As noted above, Brand's intent when he communicated with "Julie" and traveled to Manhattan to meet her will likely be the central issue at trial. Therefore, the Government must establish that Brand had the intent to engage in a sex act with "Julie" and to persuade "Julie" to engage in sexual activity. Concomitantly, the Government must prove that Brand was not acting with some other benign motive or good faith belief, or as the result of inadvertence, mistake, accident or confusion regarding the sexual nature of his communication and planned meeting with "Julie." Evidence of Brand's use of a computer to download and save child erotica and child pornography, as well as to exchange i-chats with other purported 13-year old girls – closely related in character and time to the offenses charged – tends to show that Brand's conduct with

respect to with "Julie" was motivated by a sexual interest in young girls rather than other innocent motives or mistake. This evidence also shows that Brand's use of the internet to communicate with "Julie" was part of a concerted effort and plan to accomplish that result. The proffered 404(b) evidence is thus offered for a "proper" purpose under Rule 404 and is admissible.

Brand's possession of the images clearly demonstrates that he has a sexual interest in children and leads to the logical conclusion that his communication with "Julie" was motivated by, and done with the intent to fulfill, that sexual interest. The images merely reveal in greater detail what Brand was hoping to accomplish with "Julie." Moreover, Brand's i-chats with "JennySFV13" and "Mizbonnie13" – similar communication (albeit, to a lesser degree) with two other purported 13-year old girls using the same means, methods and screen name "Tempoteech," and within a matter of months of the i-chats with "Julie" – show there was no inadvertence, mistake or confusion on Brand's part when he communicated with "Julie" and sought to meet her for sex. Brand's *modus operandi* was virtually identical with other these purported young girls as it was with "Julie," just less successful. As such, the images and other i-chats establish that Brand intended to engage in sex with "Julie," and that his communication with her – and his efforts to entice her to meet him for sex – was not merely the result of some innocent effort to, for example, make friends or to arrange song, dance or modeling lessons.

Courts consistently admit evidence pursuant to Rule 404(b) for this proper purpose. *See United States v. Bok*, 156 F.3d 157, 165 (2d Cir. 1998) (evidence of defendant's failure to file personal and corporate state income tax returns for years prior to prosecution years "indicative of an intent to evade the tax system"); *United States v. Clemente*, 22 F.3d 477, 482-83 (2d Cir. 1994) (similar act evidence admissible on issue of intent); *United States v. Riccardi*, 285 F. Supp. 2d 1212, 1232 (D. Kan. 2003) (finding that images of child pornography and child erotica would be admissible pursuant to Rule 404(b) in separate prosecution for violation of 18 U.S.C. § 2422(b) because the images tended to prove that the defendant had an interest in young males and that his interest was sexually motivated); *see also United States v. Gamache*, 156 F.3d 1, 8 (1st Cir. 1998) (approving of the use of direct and indirect evidence to prove intent in the context of 18 U.S.C. § 2423(b)); *United States v. Paredes*, 176 F. Supp. 2d 172, 176 (S.D.N.Y. 2001) (J. Leisure) (citing *Bok* and *Clemente* for the well-established proposition that other act evidence is admissible under Rule 404(b) to show intent).

Given the critical nature of the issue of the defendant's state of mind in a prosecution for the offenses charged in the Indictment, the admission of the proffered 404(b) evidence here is especially justified. For example, in *United States v. Collorafi*, 876 F.2d 303, 305 (2d Cir. 1989), a case regarding federal income tax evasion – another criminal context in which the defendant's state of mind is as critical as it is here – the Second Circuit reversed the district court's order barring the Government from introducing evidence of the defendant's state of mind, stating that because prosecutions for tax evasion and failure to file a tax return require

The Honorable Peter K. Leisure
December 23, 2004
Page 8

proof by the Government that the acts were done willfully, "trial courts should follow a liberal policy in admitting evidence directed towards establishing the defendant's state of mind." 876 F.2d at 305. The court went on to explain that trial courts should not exclude evidence which bears on the defendant's state of mind "unless it interjects tangential and confusing elements which clearly outweigh its relevance." *Id.*

Accordingly, the proffered 404(b) evidence is admissible because it is offered for the proper purpose of establishing that the defendant intended to engage in sex with "Julie" and that the charged conduct was part of an intentional plan undertaken by the defendant to fulfill his sexual interest in young girls, and not due to accident, mistake or a benign good faith belief.

### 3.     The Proffered 404(b) Evidence Is Also Admissible Under Rule 403

Where evidence is offered for a proper purpose under Rule 404(b), the Court may only exclude the evidence if the probative value of the evidence is "substantially outweighed" by the danger of unfair prejudice. *United States v. Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993). Here, as discussed above, the evidence pertaining to the defendant's possession of child erotica and child pornography, and his communication by i-chat with other purportedly young girls is highly probative of whether Brand acted with the requisite intent regarding the instant charges.

With regard to the prejudice prong, Brand must show that the prejudice "involves some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Genzler*, 50 F.3d 1133, 1139 (2d Cir. 1995) (internal quotation marks and citation omitted). All relevant evidence is to some degree prejudicial. Unfair prejudice means, however, an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Rule 403, Advisory Comm. Note. Traditional examples of unfair prejudice include evidence that appeals to the jury's sympathies, evidence that arouses jurors' sense of horror, and evidence that provokes a jury's instinct to punish. *See Weinstein*, § 403.04[1][c] at 403-38.1-403-38.3.

The Second Circuit often analyzes the prejudicial/probative issue in terms of whether the other crime or bad act evidence is "more sensational" or "more disturbing" than the crimes charged in the indictment. *See United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (evidence admitted was not unfairly prejudicial because it "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged"); *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) (finding no undue prejudice from the introduction of prior act evidence where the evidence did not involve conduct more serious than the charged crime and district court gave a proper limiting instruction). The Second Circuit has also repeatedly held under Rule 403 that evidence admissible under Rule 404(b) is not unduly prejudicial to a defendant, so long as the court gives a limiting instruction to the jury explaining the proper purpose for the other crimes evidence. *See United States v. Pipola*, 83 F.3d 556, 566

(2d Cir. 1996); *United States v. Rosa*, 11 F.3d 315, 334 (2d Cir. 1993).

In light of the significant non-propensity purposes for which the proffered evidence is being offered here, the fact that that evidence is not more sensational and disturbing than the charged offenses, and the Second Circuit's routine reliance in the Rule 404(b) context on limiting instructions to cure any possibility of unfair prejudice, there is no basis for contending that any "unfair prejudice" "substantially outweighs" the probative value of the proffered 404(b) evidence. In essence, Brand is charged with seeking to have sex with a child, in and of itself a particularly sensational charge. The other i-chats are almost identical in nature to the i-chats with "Julie" and, therefore, are no more inflammatory than the charged conduct. With regard to the images, although showing more detail, they, too, are no more sensational than the charged conduct. Indeed, the images are merely depictions of what the defendant was trying to accomplish. In any event, any undue prejudice arising from introducing the images as evidence at trial will be effectively mitigated by the manner in which the Government proposes that the images be shown to the jury.

To show these images to the jury, the Government plans to select approximately ten images, yet to be determined, out of the many found on the computer seized from the defendant's home. These images were saved into a folder on Brand's computer that corresponds to his AOL account, and subsequently recovered from the computer after it was seized from his home. The Government proposes to show these images to the jury in special jury binders that are numbered so the Government can maintain custody over the binders and that indicate that they should not be removed from the jury box. Each image will be separated by a divider so the jury can look at each image individually when appropriate. Thus, jurors will be able the understand the evidentiary depth of the Government's presentation and can assess the full evidentiary significance of the pictures and of the defendant's conduct without feeling unduly assaulted by the pictures because each juror can determine how long and how closely he or she will view them. The original binder would then be allowed into the jury room for deliberations but not the copy sets. In addition, the Government intends to introduce into evidence a CD-ROM containing all of the images of child erotica and child pornography found on the defendant's computer. The Government does not intend, at present, to show any of these images to the jury unless they specifically request to see the images during deliberations.

In sum, the proffered 404(b) evidence is properly admissible under Rule 404(b) to establish intent, motive, plan, and absence of mistake. Such evidence should be admitted in the Government's case-in-chief because there can be no doubt that the issue of intent will be in dispute. *Bok*, 156 F.2d at 166 (similar act evidence admissible in Government's case-in-chief if it is apparent that the defendant will contest the issue of intent); *Caputo*, 808 F.2d at 968 (holding Government may introduce in case-in-chief evidence of defendant's prior acts where it is apparent from the charge itself, and the elements of the crime, that the issue of intent is in dispute); *see also United States v. Reed*, 639 F.2d 896, 906 (2d Cir. 1981) (in prosecution for

EXHIBIT A

The Honorable Peter K. Leisure
December 23, 2004
Page 10

securities fraud and mail fraud, court properly allowed Government to introduce in case-in-chief evidence of defendant's similar acts where defendant refused to stipulate that defendant's knowledge and intent would not be in issue).[2]

### Conclusion

The Government respectfully requests an *in limine* ruling that: (1) the images of child erotica and child pornography recovered from Brand's computer are admissible at trial as direct evidence of the charged offenses; and (2) the i-chats are admissible in the Government's direct case under Rule 404(b) to prove motive, intent, plan, knowledge, and absence of mistake or accident. To the extent that the Court deems the images not to be direct evidence of intent, they are admissible under Rule 404(b) for same reasons as the i-chats.

Respectfully submitted,

DAVID N. KELLEY
United States Attorney
Southern District of New York

By: *[signature]*

Brian R. Michael/Alexander H. Southwell
Assistant United States Attorneys
(212) 637-1113/2417

cc: Richard Boulware, Esq.

---

[2] If mistake, accident or negligence will not be disputed by the defendant, he must "make some statement to the court of sufficient clarity to indicate that the issue[s] will not be disputed," and accept a jury instruction that will keep the issues out of the case. *See United States v. Colon*, 880 F.2d 650, 659 (2d Cir. 1989).