

FEDERAL DEFENDER DIVISION • SOUTHERN DISTRICT OF NEW YORK
52 DUANE STREET, 10th FLOOR, NEW YORK, N.Y. 10007 TEL: (212) 417-8700 FAX: (212) 571-0392

Daniel L. Greenberg
Executive Director and
Attorney-in-Chief

*Docket + file*



Federal Defender Division
Leonard F. Joy
Attorney-in-Charge

Southern District of New York
John J. Byrnes
Attorney-in-Charge

January 3, 2005

BY HAND DELIVERY

Honorable Peter K. Leisure
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1910
New York, New York 10007

U.S. DISTRICT COURT
FILED
JAN 1 8 2005
S.D. OF N.Y.

RECEIVED
CHAMBERS OF

JAN 3 2005

PETER K. LEISURE
USDJ/SDNY

Re: **United States v. Matthew Adam Brand**
04 Cr. 194 (PKL)

Dear Judge Leisure:

I am write in opposition to the government's in limine motion to have (a) images from the Brand family computer and (b) prior internet conversations allegedly between Brand and undercover agents admitted into evidence. These pieces of 'evidence' are irrelevant, unfairly prejudicial, potentially confusing to the jury and impermissible propensity material. The government's own in limine submission only serves to underscore the impermissibility of this evidence.

Moreover, even if the Court were to determine that such evidence might be admitted, it would first be necessary to hold an evidentiary hearing to determine the origin of such material, since this material, especially the images, can be stored on an individual's computer without that person's knowledge or intent to do so.

I. THIS EVIDENCE IS NOT RELEVANT

A. The Images

1. *Unaddressed Technical Flaw*

First, as a preliminary matter, the government has not established and cannot establish that Mr. Brand ever even viewed the images in question. This fact derives from the process by which images can be stored on a computer. The defense is prepared to call an expert who will confirm that the mere fact that images have been stored on a hard drive does not

Honorable Peter K. Leisure                January 3, 2005
United States District Judge              Page 2
Southern District of New York

Re:  **United States v. Matthew Brand**
     04 Cr. 194 (PKL)

indicate that an individual using the computer ever saw or saved these images. Specifically, images that have been sent as spam, i.e. unsolicited messages or attachments, could be automatically saved to the computer's hard drive even if the user sought to immediately delete them or never searched for the images. This is because a computer automatically saves whatever images appear on an individual's screen regardless of whether or not an individual searched for such images or attempted to save them.

Moreover, these images, as the defense expert will explain, are often surreptitiously embedded into or attached to images or messages from legitimate sites or sent as spam. Consequently, an individual viewing a legitimate adult sex site is also likely to be shown and to receive unsolicited contraband images that were not advertised on the site's webpage. All of these images, even though they were unsolicited would automatically be saved to the hard drive of an unsuspecting user. Given the fact that the government's entire argument for admitting these images rests on the assumption that Mr. Brand intentionally viewed and saved these images, it must demonstrate, at a minimum, to even have a conversation about the admission of these images, that Mr. Brand did in fact view and save these images. The government has not done this.

Furthermore, this problem of the automatic saving of unsolicited images is further exacerbated by the fact that Mr. Brand was not the only person to use this computer in his household. As the government knows, other members of Mr. Brand's family, including his mother, father and sister, also used this computer. The government has not shown and cannot show that these images were inadvertently saved by other members of the Brand family while they were using the computer.

Additionally, this chain of evidence problem cannot be solved by reducing the group of images admitted to those in 'saved' folders on the computer. This solution is implied by the government in its letter of December 29, 2004 (attached as Exhibit A), in which it indicates that it would only seek to present to the jury those images from a saved file corresponding to Mr. Brand's AOL account. The problem remains because the government still has not demonstrated that the contraband images were intentionally saved by Mr. Brand or a member of his family. As noted above, and as the defense expert would testify at an evidentiary hearing, contraband images can be surreptitiously attached to legitimate and/or misleading internet messages. Indeed, the government has not

Honorable Peter K. Leisure  
United States District Judge  
Southern District of New York  

January 3, 2005  
Page 3  

Re: <u>United States v. Matthew Brand</u>  
    04 Cr. 194 (PKL)  

even attempted to distinguish between the various means by which an image can be saved, since it has sought to admit the <u>entire</u> graphic contents of the hard drive.

Given the significantly inflammatory nature of these images, the Court cannot allow the government to introduce images that it has not even demonstrated were intentionally viewed and saved by Mr. Brand.

## 2. The Images Are Irrelevant to the Charges

Even if the government could overcome the fatal technical flaws in its evidence, it still cannot overcome the fundamental fact that the Supreme Court itself has <u>repeatedly</u> concluded that the possession or viewing of such images themselves has no direct or demonstrated link to actual instances of alleged child solicitation or abuse. See <u>Ashcroft v. The Free Speech Coalition</u>, 535 U.S. 234, 250 (2002)(concluding no causal link); <u>Stanley v. Georgia</u>, 394 U.S. 557, 566 (1969)(noting that "there appears to be little empirical basis for" the assertion that viewing obscene materials may lead to deviant sexual behavior). In <u>Free Speech Coalition</u>, the Supreme Court addressed the constitutionality of sections of the Child Pornography Prevention Act of 1996 ("CPPA"), 18 U.S.C. § 2251 <u>et seq.</u> (2002). At issue in the case was whether the section of the CPPA which banned virtual child pornography violated the free speech protections of the First Amendment. <u>Free Speech Coalition</u>, 535 U.S. at 239-40. The government argued, <u>inter alia</u>, that such images should be criminalized since the viewing of child pornography leads to actual instances of child solicitation or abuse. <u>Id.</u> at 250. In declaring the section of the CPPA invalid, the Supreme Court explicitly rejected the above argument by the government. <u>Id.</u> The Court concluded:

> While the Government asserts that the images can lead to actual instances of child abuse, the causal link is <u>contingent</u> and <u>indirect</u>. The harm does <u>not</u> necessarily follow from the speech, but depends upon some unquantified potential for subsequent criminal acts.

<u>Id.</u> (emphasis added)(internal citations omitted).

Despite this clear pronouncement from the Supreme Court, the government seeks in this case to admit the evidence on the basis of reasoning explicitly rejected by the Court in <u>Free Speech Coalition</u>. Specifically, the government contends that Mr. Brand's alleged possession of such images demonstrates his

Honorable Peter K. Leisure                January 3, 2005
United States District Judge              Page 4
Southern District of New York

Re: **United States v. Matthew Brand**
    **04 Cr. 194 (PKL)**

future intent to engage in the solicitation of children for sexual purposes. See Government In Limine Motion at 4-5. This is exactly the reasoning rejected by the Court in Free Speech Coalition - a decision and conclusion which the government does not even attempt to address in its motion. As the Supreme Court confirmed, there is no causal link between viewing child pornography and actual instances of child abuse or solicitation. Free Speech Coalition, 535 U.S. at 250. Consequently, the government cannot establish the relevance of these images to the charges in the instant case and should not be permitted to admit such images in light of the Supreme Court's explicit pronouncement on this point.

**B. Prior Conversations With Agents Pretending to Be Minors**

The government's attempt to admit alleged prior conversations between Mr. Brand and undercover agents pretending to be minors should likewise be rejected for the same reason - that there is no causal link between nonsexual conversations on the internet which did not result in any actual contact and some future intent to actually solicit sexual interaction with minors. Again, the government cites no empirical evidence to demonstrate that individuals who engage in internet conversations with minors will and do actually solicit sexual interactions from children in the real world. Instead, relying upon reasoning essentially analogous to the reasoning rejected by the Supreme Court in Free Speech Coalition, the government argues that such conversations reflect Mr. Brand's "sexual interest" and that this sexual interest confirms Mr. Brand's alleged later intent to attempt to solicit sexual interactions from the undercover agent, "Julie," in this case. This argument fails, however, for the same reason articulated by the Supreme Court in Free Speech Coalition - there is no established causal link between such internet interactions and actual future attempts to solicit sexual interaction from minors.

**II. THIS EVIDENCE IS NOT ADMISSIBLE UNDER RULE 404(b)**

**A. The Images**

The images are not admissible under Rule 404(b) since they are clearly being offered as propensity evidence for "the

Honorable Peter K. Leisure  
United States District Judge  
Southern District of New York

January 3, 2005  
Page 5

Re: <u>United States v. Matthew Brand</u>  
    04 Cr. 194 (PKL)

purpose of proving action in conformity herewith on a particular occasion" and do not fall within any of the exceptions under this rule. Rule 404(b), Fed. R. Evid. This evidence is not admissible to establish intent, motive, plan or absence of mistake. <u>Id.</u> The government's argument for admitting the images under Rule 404(b) is essentially a rehash of its argument that the images demonstrate Mr. Brand's sexual interest in young girls and that this interest in images is somehow predictive of future action involving the actual solicitation of minors for sex. Again, however, this argument is premised on a disfavored and unestablished causal link between the alleged possession of such images and future solicitation of minors. See <u>Free Speech Coalition</u>, 535 U.S. at 250. The mere repetition of this argument under a different rule of evidence does not alter the fundamental fallacy of the underlying assumption. And the government cannot overcome the fatal error in its assumption by recasting it in a different legal light. These images do not demonstrate intent since there is no causal link between such images and potential future solicitation by the alleged viewer. <u>Id.</u>[1] This is impermissible propensity evidence plain and simple - an alleged propensity which is in fact not even supported by empirical evidence.

Additionally, the Court should also exclude this evidence on the basis that government cannot for tactical reasons chose not to charge an offense - in this case the possession of child pornography - but still attempt to essentially argue and assert the uncharged offense. See <u>United States v. Borello</u>, 766 F.2d 46, 60 (2d Cir. 1985)("The Government could have brought an obscenity count but did not, apparently for tactical reasons. We hold it to that choice.") The government's attempt to admit these images represents its attempt to impermissibly inject uncharged offense conduct into the instant case. It should not be permitted to use the Rules of Evidence to accomplish this strategy.

---

[1] Additionally, the government's attempt to mitigate the impermissible inferences that the jury would draw from such images by limiting their viewing misses the point. The point is that the images themselves suggest a causal connection which does not exist regardless of the number of images or the manner in which the images are viewed.

Honorable Peter K. Leisure                January 3, 2005
United States District Judge              Page 6
Southern District of New York

Re:  <u>United States v. Matthew Brand</u>
     04 Cr. 194 (PKL)

### B. The Prior Conversations With Undercover Agents

The government's argument that Mr. Brand's alleged prior internet conversations with undercover agents posing as minors reflects a common plan or scheme also fails. In order for prior acts to be admitted as part of a common plan with the current offense there must be a "close parallel" or "near identi[cal]" commonality. <u>United States v. Aminy</u>, 15 F.3d 258, 260 (2d Cir. 1994)(Similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches <u>near identity</u> with the elements of the offense charged.")(emphasis added)(internal citations omitted); <u>United States v. Gordon</u>, 987 F.2d 902, 908 (2d Cir. 1993)("[T]he probative value of the proffered evidence depends largely on whether or not there is a 'close parallel' between the crime charged and the acts shown")(internal citations omitted).

The government's argument does not meet the above standard. The government contends that Mr. Brand's alleged prior internet conversations with undercover agents indicate that his conversation with the undercover agent in this case was not a mistake or inadvertent. See Government <u>In Limine</u> Motion at 7. The government's argument again misses the point. The issue in this case is <u>not</u> whether Mr. Brand had contact via the internet with minors but whether he intended to have actual sexual contact with alleged minor in the instant case. Given the fact that Mr. Brand did not have <u>any</u> actual contact with these prior 'minors' - let alone any sexual contact with them these conversations cannot possibly demonstrate any common plan.

Moreover, the lack of commonality is evident in the difference between the alleged prior conversations and the government's theory in the instant case. The government in the instant case alleges that Mr. Brand explicitly expressed his desire to engage in various types of sexual activity with the undercover agent, "Julie," that Mr. Brand arranged to meet with her to act on this alleged expressions of sexual activity and that when Mr. Brand went to the Port Authority his intent was to have sexual contact with the alleged minor "Julie." <u>See</u> Government <u>In Limine</u> Motion at 2-3. Neither of the alleged prior internet conversations with undercover agents contain these elements. The prior conversations do not contain any solicitation of sexual contact from the alleged minors involved. There is <u>no</u> reference in either conversation to <u>any</u> potential future sexual contact between the undercover agents

Honorable Peter K. Leisure  
United States District Judge  
Southern District of New York

January 3, 2005  
Page 7

Re: **United States v. Matthew Brand**  
    04 Cr. 194 (PKL)

and Mr. Brand. Indeed, the government is not even alleging that Mr. Brand expressed the same sexual desires to engage in specific activity that he allegedly expressed in his internet conversations with the undercover agent "Julie." Instead, the government erroneously contends that any prior contact with alleged minors via the internet is the same as an alleged conversation in which sexual contact was allegedly explicitly solicited and in which a definite meeting for such contact was allegedly planned and acted upon. The government's argument falls far short of the "close parallel" or "near identi[cal]" commonality required for evidence to be admitted under the common plan exception to Rule 404(b). Aminy, 15 F.3d at 260; Gordon, 987 F.2d at 908.

### III. ANY POSSIBLE PROBATIVE VALUE IS OUTWEIGHED BY UNFAIR PREJUDICE AND THE POTENTIAL FOR CONFUSING THE JURY

#### A. The Images

Even if the Court were to determine that the images had some marginal or tangential value, this value would be substantially outweighed by the unfair prejudice that would result from the admission of these images into evidence. Rule 403 provides that "Although relevant, evidence may be excluded if its probative value is substantially outweighed by unfair prejudice, confusion of the issues or misleading the jury." Rule 403, Fed. R. Evid. "Unfair prejudice" is "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's notes.

These images, as noted above, have little, if any probative value for the offenses charged in this case. The Supreme Court has declared there is no causal link between such images and actual instances of child solicitation. Free Speech Coaltion, 535 U.S. at 250. Nonetheless, it is obvious that the admission of such images would undoubtedly create substantial prejudice against Mr. Brand. Such images are highly inflammatory and would likely lead the jury to reach a verdict based on their emotional outrage to such pictures or on the erroneous assumption that the possession of such images demonstrates punishable deviant conduct by Mr. Brand. Given the substantial unfair prejudice that would ensue from the admission of these images in conjunction with their lack of

Honorable Peter K. Leisure  
United States District Judge  
Southern District of New York  

January 3, 2005  
Page 3  

Re: **United States v. Matthew Brand**  
    04 Cr. 194 (PKL)

probative value for the offenses charged, the Court should preclude their admission by the government.

### B. The Prior Conversations With Undercover Agents

The Court should likewise exclude the admission of the prior alleged internet conversations between undercover agents and Mr. Brand because they are unfairly prejudicial and confuse the issues in the case. These <u>nonsexual</u> conversations, as noted above, offer no probative value since they do not tend to demonstrate whether or not Mr. Brand intended in the instant offense to actually engage in sexual contact with the undercover agent "Julie." Instead, the government seeks to use these prior conversations to depict Mr. Brand as some type of sexual predator based on the fact that he may have had prior nonsexual internet contact with minors. This merely confuses the issues in this case, since the issue here is <u>not</u> one of internet contact but whether Mr. Brand intended in the instant case to have actual sexual contact with the undercover agent "Julie." Moreover, the introduction of such images would also be unfairly prejudicial as the jury is again likely to be offended and inflamed by the prior conversations themselves without regard for the fact that they have little, if any, probative value regarding the current offense. This prejudice and confusion cannot be addressed with a corrective instruction, since the jury is still likely to infer imperissibly that such prior contact demonstrates a propensity by Mr. Brand to be involved in the sexual solicitation of minors.

### IV. Conclusion

For the reasons, stated the Court should exclude the computer images and prior internet conversations which the government seeks to admit. Moreover, defense counsel submits that an evidentiary hearing would be required prior to the Court making any determination about the admissibility of any

Honorable Peter K. Leisure  January 3, 2005
United States District Judge  Page 9
Southern District of New York

Re: <u>United States v. Matthew Brand</u>
    04 Cr. 194 (PKL)

images found on the hard drive of the Brand family computer.

                           Respectfully submitted,

                           Richard F. Boulware
                           Associate Attorney
                           (212) 417-8732

cc: Brian Michael, Esq.



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 29, 2004

**BY HAND**
Richard Boulware, Esq.
The Legal Aid Society
Federal Defenders Division
52 Duane Street, 10th Floor
New York, New York 10007

          Re:    United States v. Matthew Brand
                  S1 04 Cr. 194 (LAK)

Dear Mr. Boulware:

        Enclosed with this letter is a DVD containing all of the graphics – including images of child pornography and child erotica – recovered by the Government from the computer seized from the defendant's residence in Jackson, New Jersey. This DVD contains the universe of images of child erotica and child pornography found on the defendant's computer. As you know, a copy of this computer's hard drive was previously provided to you pursuant to a protective order. The DVD is merely a subset of items that are on the hard drive and is being provided to you pursuant to the terms of the existing protective order, which you have agreed covers the enclosed DVD. Please be advised that the Government intends to seek the introduction of this DVD into evidence at trial.

        Also enclosed with this letter is a CD-ROM which contains a listing of all items found on the computer's hard drive, with the file path and location for each item. This CD-ROM also contains selected graphics consisting of child erotica and child pornography recovered from the hard drive. The file path, location, and file name is indicated for each of these selected graphics. The CD-ROM is also being provided to you pursuant to the existing protective order, which you have agreed covers the enclosed CD-ROM. Please be advised that the Government may seek to introduce this CD-ROM into evidence at trial, as well.

        Last, enclosed with this letter are hard copies of 16 images, with file names. Please be advised that the Government will seek to show at least 10 of the enclosed images to the jury at trial, pursuant to the procedures described in the Government's December 23, 2004 submission to the Court. Each of these images was recovered from the hard drive of the defendant's computer as having been saved to a file corresponding to the defendant's AOL account (as opposed to the "cache" or other temporary internet folder). The enclosed CD-ROM

Richard Boulware, Esq.
December 28, 2004
Page 2

shows the file path and location for each of these images. These images are also being provided to you pursuant to the existing protective order, which you have agreed covers these images. Please note that the clarity of the enclosed images was diminished in printing them out as hard copies, and that the Government intends to use hard copies with greater clarity at trial.

                Very truly yours,

                DAVID N. KELLEY
                United States Attorney
                Southern District of New York

      By:

                Brian R. Michael/ Alexander H. Southwell
                Assistant United States Attorneys
                (212) 637-1113/2417

Encls.